ACCEPTED
13-14-00680-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/16/2015 2:34:00 PM
CECILE FOY GSANGER
CLERK

#13-14-00680-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/16/2015 2:34:00 PM
CECILE FOY GSANGER
Clerk

Thirteenth Court of Appeals, Corpus Christi & Edinburg

**THE STATE OF TEXAS**,

Appellant

v.

**ISRAEL RAMIREZ**,

Appellee

ON STATE'S APPEAL FROM THE 94TH DISTRICT COURT
OF NUECES COUNTY, CAUSE #13-CR-2209-D

# <u>STATE'S REPLY BRIEF</u>

A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................................... ii

ARGUMENT ..................................................................................................................... 1

An officer may properly search a person without a warrant—outside his home—upon probable cause that the person possesses illegal drugs on his person ...................................................... 1

a. Probable cause to search a person, on the basis that he likely has illegal drugs on his person, is no different from probable cause to arrest ................................................................ 2

b. Probable cause to search a person for illegal drugs outside his home justifies a search incident to arrest even before formal arrest ........................................................................... 3

PRAYER ............................................................................................................................ 5

CERTIFICATE OF COMPLIANCE ................................................................................ 6

CERTIFICATE OF SERVICE .......................................................................................... 6

i

# INDEX OF AUTHORITIES

**Cases**

Esquivel v. State, No. 13-13-00339-CR, 2014 WL 3049520 (Tex. App.—
    Corpus Christi July 3, 2014, no pet.) ...........................................................4

Parker v. State, 206 S.W.3d 593 (Tex. Crim. App. 2006) ................................2, 3

Rawlings v. Kentucky, 448 U.S. 98 (1980)..........................................................4

State v. Ballard, 987 S.W.2d 889 (Tex. Crim. App. 1999)...................................5

# ARGUMENT

The crux of Appellee Israel Ramirez's argument is that probable cause "is irrelevant." Ramirez's Brief at 8. Regardless of probable cause—Ramirez contends—the State proved no exception to the warrant requirement, which renders the search unlawful. *Ibid*.

The trial court's conclusions included nothing about this type of rationale. Supp. CR 20. And, quite frankly, the State is somewhat surprised by Ramirez's argument that an officer with probable cause to believe that a suspect, not in his home, possesses heroin on his person cannot search his person and the containers on his person for it. But the State acknowledges its burden to justify a warrantless search, even if that burden in this case amounts to an academic exercise.

**An officer may properly search a person without a warrant—outside his home—upon probable cause that the person possesses illegal drugs on his person.**

Ramirez cites no case for his proposition that an officer cannot—without a warrant—search a suspect found in a public place even when the officer is armed with probable cause to believe that the suspect possesses heroin on his person. Such a case would defy logic, reason, and the law.

As a matter of logic, it makes little sense to require a warrant when an officer simultaneously encounters both a probable drug offender and the probable location of his illegal drugs (the offender himself) beyond the threshold of the offender's home.

As a matter of reason, it is simpler and quicker—for both the officer and offender—for the officer to immediately search the offender to confirm or refute the officer's probable cause.

**a.    Probable cause to search a person, on the basis that he likely has illegal drugs on his person, is no different from probable cause to arrest.**

Not surprisingly, the law agrees with logic and reason and does not support any Fourth Amendment violation here. Probable cause to search requires evidence that a crime has been committed or is being committed in some particular place, while probable cause to arrest requires evidence that a crime has been committed or is being committed by a particular person. *See Parker v. State*, 206 S.W.3d 593, 596-97 (Tex. Crim. App. 2006). Thus the first portion of a probable cause analysis, whether there is evidence that a crime has been or is being committed, is identical for both

2

probable cause to search and probable cause to arrest. *See id.* at 596. Only in the second portion of the probable cause analysis—whether the probable cause points to a particular place (permitting a search) or to a particular person (permitting an arrest)—do probable cause to search and probable cause to arrest differ. *Ibid.*

Thus, where probable exists to search a person for possessing heroin, probable cause also exists to arrest that person. This is because the probable place of the heroin and the person probably possessing it align, eclipsing the legal difference between probable cause to search and probable cause to arrest. *See Parker*, at 596.

In this case, therefore, Officer Garcia's probable cause to search Ramirez's keychain for heroin—as discussed in the State's Brief—equates to probable cause to arrest Ramirez.

### b. Probable cause to search a person for illegal drugs outside his home justifies a search incident to arrest even before formal arrest.

The State concedes that Officer Garcia did not arrest Ramirez before searching the containing, as the trial court found (Supp. CR 26 [Finding

#35; Conclusion #2], and, thus, that Officer Garcia's search was not incident to his arrest, at least factually.

Legally, however, Officer Garcia did not have to arrest Ramirez before conducting a search incident to arrest, which Ramirez agrees is an exception to the warrant requirement. Ramirez's Brief at 6. Legally, an officer may search incident to arrest after obtaining probable cause to arrest—

> It is irrelevant whether the arrest occurs immediately before or after the search, as long as probable cause to arrest precedes the search. *See Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *see also State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).
>
> * * *
>
> Appellant was not under arrest when the officers searched him, but the law only requires that probable cause to arrest precede a search incident to arrest.

*Esquivel v. State*, No. 13-13-00339-CR, 2014 WL 3049520, at *2-3 (Tex. App.—Corpus Christi July 3, 2014, no pet.) (not designated for publication); *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded

the arrest rather than vice versa."), *cited with approval in State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

In sum, probable cause to search Ramirez also establishes probable cause to arrest him, authorizing the search of the keychain immediately prior to his arrest without a warrant.

## PRAYER

For these reasons, the State requests that the Court reverse the trial court's order granting Defendant's motion to suppress, remand for further proceedings, and grant the State all other proper relief.

Respectfully Submitted,

/s/ A. Cliff Gordon
A. Cliff Gordon
Tex. Bar #00793838
Asst. Dist. Atty., 105th Dist.
Nueces County Courthouse
901 Leopard St., Rm. 206
Corpus Christi, TX 78401
361.888.0410 phone
361.888.0399 fax
cliff.gordon@nuecesco.com

## CERTIFICATE OF COMPLIANCE

According to the word count of the computer program used to prepare this document, it contains 1168 words.

## CERTIFICATE OF SERVICE

On July 16, 2015, a true copy of the foregoing was served via EServe on the following:

Mr. Todd Robinson
Batek & Robinson, LLP
102 N. Staples St.
Corpus Christi, TX 78401
trob4225@aol.com
Counsel for Appellee

/s/ A. Cliff Gordon
A. Cliff Gordon